Teresa Li (Bar No. 278779)
teresa@lawofficesofteresali.com
LAW OFFICES OF TERESA LI, PC
6701 Koll Center Parkway Suite 250
Pleasanton, California 94566
Telephone:   415.423.3377
Facsimile:    888.646.5493

Attorneys for Plaintiffs
HALEY YATES, GINA YATES, and MARK YATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| HALEY YATES, GINA YATES, and MARK YATES, <br><br> Plaintiffs, <br><br> v. <br><br> EAST SIDE UNION HIGH SCHOOL DISTRICT, TRACI WILLIAMS, ARCHIE J. KREGEAR, TOURE OLIVER, and DOES 1-20 <br><br> Defendants. | Case No. 5:18-cv-02966 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

   Plaintiffs HALEY YATES, GINA YATES, and MARK YATES allege as follows:

**PARTIES AND JURISDICTION**

   1.   The Plaintiffs reside in San Jose, CA, in the County of Santa Clara within the State of California.  Plaintiff HALEY YATES was born on March 12, 2000.  GINA YATES and MARK YATES are HALEY YATES' biological parents and reside with her.

   2.   During all relevant time, the alleged injuries occurred in the County of Santa Clara within the State of California.

   3.   Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT is a public entity duly incorporated and operating under California law.

   4.   Defendant TRACI WILLIAMS ("WILLIAMS") is the principal at Piedmont Hills

Case 3:18-cv-02966-JD   Document 1   Filed 05/18/18   Page 2 of 17

High School, a part of EAST SIDE UNION HIGH SCHOOL DISTRICT. All actions alleged herein by WILLIAMS were taken in the course and scope of her employment with EAST SIDE UNION HIGH SCHOOL DISTRICT.

5. Defendant ARCHIE J. KREGEAR ("KREGEAR") is a teacher at Piedmont Hills High School, a part of EAST SIDE UNION HIGH SCHOOL DISTRICT. All actions alleged herein by KREGEAR were taken in the course and scope of his employment with EAST SIDE UNION HIGH SCHOOL DISTRICT.

6. During all relevant period, Defendant TOURE OLIVER ("OLIVER") was a student at Piedmont Hills High School. Defendant OLIVER resides at 2807 Glauser Drive, San Jose, CA.

7. Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOES 1-20, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of said Defendants, when the same have been ascertained, together with such other charging allegations as may be appropriate.

8. Plaintiffs are informed and believe, and thereupon allege, that each Defendant designated as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereafter referred to, and caused injuries and damages proximately thereby to plaintiffs, as hereinafter alleged, either through said defendants' own negligent conduct, or through the conduct of their agents, servants or employees, or in some other manner as yet unknown.

9. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants and each of them, were the agents, servants, employees, independent contractors and/or joint venturers of their co-defendants and were, as such, acting within the scope, course and authority of said agency, employment, contract, and/or joint venture, or acting in the concert, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring, training, control, and supervision of each and

every other defendant as an agent, servant, employee, independent contractor and/or joint venture.

10. At some or all relevant herein, each Defendant was the agent of each other defendant, each Defendant was acting within the court and scope of that agency, each Defendant ratified the conduct of the other Defendants with actual and/or constructive knowledge of such conduct, and each Defendant was subject to and under the supervision of the other defendant.

## GENERAL ALLEGATIONS

11. Plaintiffs have complied with the claim presentation requirements of the California Government Tort Claims Act, Cal. Gov. Code §§ 810 *et seq.* EAST SIDE UNION HIGH SCHOOL DISTRICT denied Plaintiffs' claim on November 20, 2017.

12. Plaintiff HALEY YATES has been qualified for Special Education Service on March 30, 2011 for psycho-educational service. She received Resource Specialist Program four times a week for 45 minutes each.

13. In 2015, Plaintiff HALEY YATES was subject to ongoing bullying by three male students who also attended Piedmont Hills High School. The ongoing bullying included calling her sexually derogatory names at school.

14. Plaintiff HALEY YATES suffered psychological injures from the bullying. As part of her psychological condition, Plaintiff HALEY YATES, a minor at the time, could not reach out for help.

15. No one from Piedmont Hills High School reported to the police or informed the parents about the bullying.

16. Plaintiff GINA YATES eventually learned of the bullying and had a meeting with Principal Jacqueline Ng on March 12, 2015 about the bullying.

17. However, the bullying did not stop. The bullying got so bad that on May 27, 2015, Plaintiff HALEY YATES attempted to commit suicide by overdosing her mother's weight loss medication.

18. By May of 2016, Plaintiff HALEY YATES' psychological condition had recovered and she was no longer seeking any treatment.

19. In October of 2016, Defendant OLIVER, a very popular football player at Piedmont Hills High School, and Plaintiff HALEY YATES began dating. From October of 2016 to December of 2016, Defendant OLIVER subjected Plaintiff HALEY YATES to an ongoing sexual, verbal, and physical abuse. Defendant OLIVER raped her multiple times and videotaped parts or all of the rape.

20. At the time, Plaintiff HALEY YATES was a minor and as part of her disability, she did not tell anyone about the sexual abuse.

21. In December 2016, Plaintiff HALEY YATES finally had courage to break up with Defendant OLIVER. However, Defendant OLIVER continued to follow Plaintiff HALEY YATES or appear in front of Plaintiff HALEY YATES with his football player friends uninvited.

22. From December 2016 to May 2017, Defendant OLIVER subjected Plaintiff HALEY YATES to an ongoing physical and verbal abuse. Some of the abuse occurred on the campus of Piedmont Hills High School.

    a. One time, Defendant OLIVER cornered Plaintiff HALEY YATES against a wall in front of a classroom. Plaintiff HALEY YATES attempted to walk away but Defendant OLIVER repeatedly pushed Plaintiff HALEY YATES back, hard. Plaintiff HALEY YATES repeatedly yelled: "Stop!" Defendant KREGEAR was within earshot of Plaintiff HALEY YATES and observed the abuse. Plaintiff HALEY YATES made eye contact with KREGEAR. However, Defendant KREGEAR did nothing and just stood there, staring at Plaintiff HALEY YATES. Defendant KREGEAR did not report this to anyone, including the police.

    b. On multiple occasions, Defendant OLIVER grabbed Plaintiff HALEY YATES aggressively in the school parking lot and pushed and shoved her aggressively.

    c. On multiple occasions in the school's main hall, Defendant OLIVER came up from behind and grabbed Plaintiff HALEY YATES so hard that it left Plaintiff HALEY YATES with bruises. Defendant OLIVER also pinched Plaintiff HALEY YATES hard.

23. In December 2016, Ms. Jenn Harris and Ms. Jones, two teachers, at Piedmont Hills High School learned about the fact that Defendant OLIVER had been distributing naked video(s)

1  and/or photo(s) of Plaintiff HALEY YATES to other students on campus.  The video(s)/photo(s)
2  were taken during Defendant OLIVER prior rape and sexual abuse of Plaintiff HALEY YATES.

3      24.    Ms. Harris immediately reported the issue to the school office.

4      25.    Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT failed to report the
5  child abuse to the police or to Plaintiff HALEY YATES's parents Plaintiffs GINA YATES and
6  MARK YATES.

7      26.    Plaintiff GINA YATES actually learned about it from her cousin who is a good
8  friend of Ms. Harris.  After learning the issue, Plaintiff GINA YATES immediately demanded a
9  meeting with Defendant WILLIAMS.

10      27.    On December 2, 2016, Plaintiff GINA YATES met with Defendant WILLIAMS.
11  During that conversation, Plaintiff GINA YATES informed Defendant WILLIAMS about her
12  daughter's fragile emotional state—that she was a victim of student bullying, targeting on her
13  gender previously at this school to a point that she attempted to commit suicide as a result.

14      28.    During that meeting, Defendant WILLIAMS told Plaintiff GINA YATES that
15  Defendant WILLIAMS was investigating the issue and that she spoke to Defendant OLIVER who
16  denied that there was such photo or video.

17      29.    Unbeknownst to Plaintiff GINA YATES, what actually happened is that
18  Defendant WILLIAMS interviewed two students, one of whom wrote in a written statement that
19  she saw Snapchat photo of a used condom with Plaintiff HALEY YATES in the background and
20  that HALEY YATES "seemed to have clothes but [she was] not sure."  Defendant OLIVER also
21  confirmed to Defendant WILLIAMS that he posted a picture of a used condom.  Defendant
22  WILLIAMS kept these secret and did not share it with Plaintiff GINA YATES.

23      30.    Despite the evidence, Defendant WILLIAMS assured Plaintiff GINA YATES that
24  there was no such photo or video of Plaintiff HALEY YATES.

25      31.    During the meeting, Defendant WILLIAMS' cellphone rang and Defendant
26  WILLIAMS told Plaintiff GINA YATES that it was Defendant OLIVER.  Plaintiff GINA
27  YATES asked Defendant WILLIAMS whether it was normal for a student to have a principal's
28

cellphone number, to which Defendant WILLIAMS responded by stating that Defendant WILLIAMS and Defendant OLIVER were related.

32. Plaintiff GINA YATES tried to confirm with her daughter about the existence of the photo(s) or video(s). However, due to her disability, Plaintiff HALEY YATES refused to speak about it.

33. On May 2, 2017, Plaintiffs GINA YATES and MARK YATES for the first time learned about the sexual, physical, and verbal abuse that Plaintiff HALEY YATES had sustained.

34. Subsequently the police arrested Defendant OLIVER.

35. However, during a court hearing, on May 15, 2017, Defendants WILLIAMS, KREGEAR, and Mr. Boyd, a coach of Piedmont Hills High School showed up to Court to support Defendant OLIVER, in the presence of Plaintiffs. Such conduct further harmed Plaintiffs emotionally.

36. Defendant OLIVER has pleaded guilty to the crime.

37. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT performed an investigation and found that Defendant WILLIAMS did not address the allegations in accordance with the District's Uniform Complaint Procedure (BP/AR 1312.3).

38. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT also verified that "WILLIAMS and two teachers from [Piedmont Hills High School] appeared at the courthouse in support of [OLIVER]" in his criminal proceeding on May 15, 2017 and that "[s]chool personnel should not have attempted to appear in juvenile court to support a student during paid duty time and should have been more cognizant of the appearance of bias or favoritism that this created."

39. In addition to sexual, physically, verbally, and emotionally abusing HALEY YATES, HALEY YATES was denied free appropriate public education ("FAPE").

40. Employees of Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT observed or had knowledge that Plaintiff HALEY YATES were subject to an unhealthy educational environment, which included sexual, physical, verbal, and psychological abuse.

41. Defendants WILLIAMS, KREGEAR, and other employees of Defendant EAST

1  SIDE UNION HIGH SCHOOL DISTRICT had knowledge of information giving rise to a
2  reasonable suspicion that acts of abuse or neglect as defined by Penal Code §11165.3 were
3  committed against HALEY YATES on campus.  Each of these employees were mandated
4  reporters as defined by Penal Code § 11165.7 but did not report the abuse or neglect to an agency
5  defined in Penal Code § 11165.9.

6       42.    On information and belief, Plaintiffs allege that Defendant EAST SIDE UNION
7  HIGH SCHOOL DISTRICT's training of its employees was woefully inadequate: they were
8  unaware that they were mandated reporters under state law.  Internal reporting was also
9  discouraged.

## FIRST CAUSE OF ACTION

### GENDER DISCRIMINATION IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681

**(HALEY YATES Against EAST SIDE UNION HIGH SCHOOL DISTRICT)**

43.    Plaintiffs refer to paragraph 1-42 above and incorporate them into this cause of action as though fully set forth herein.

44.    On information and belief, Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT is a recipient of federal funds.

45.    Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT has acted in deliberate indifference and that the ongoing sexual, physical, verbal, and psychological abuse is so severe that it effectively bars Plaintiff HALEY YATES' access to an educational opportunity or benefit.

46.    Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT had many opportunity to remedy the ongoing sexual, physical, verbal, and psychological abuse but chose not to remedy the violation.

47.    Plaintiff has suffered psychological and emotional harm as a result.

///

///

///

## SECOND CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT

## (HALEY YATES Against EAST SIDE UNION HIGH SCHOOL DISTRICT)

48. Plaintiffs refer to paragraph 1-47 above and incorporate them into this cause of action as though fully set forth herein.

49. Effective since March 30, 2011, Plaintiff HALEY YATES was entitled to the protective of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. § 12131, Section 201 of the ADA.

50. Pursuant to 42 U.S.C. § 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff HALEY YATES was at all times relevant herein a qualified individual with a disability as therein defined.

51. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT has failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

52. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT has further failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove by subjecting Plaintiff HALEY YATES to a hostile education environment.

53. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT's employees were deliberately indifferent to the sexual, physical, verbal, and psychological abuse committed by Defendant OLIVER. The deliberate indifference by the employees gives rise to respondeat superior liability of Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT.

54. As a result of Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT's failure to comply with its duty under Title II, Plaintiff HALEY YATES has suffered damages including special and general damages according to proof.

55. A violation of the ADA is, by statutory definition, a violation of both the Unruh Civil Rights Act ("Unruh") and the California Disabled Persons Act ("DPA"). Cal. Civ. Code §§ 51(f), 54.1(d).

56. Plaintiff is not required to prove that the discrimination was intentional when seeking damages for ADA violations under the Unruh Act.

### THIRD CAUSE OF ACTION

### VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973

### (HALEY YATES Against EAST SIDE UNION HIGH SCHOOL DISTRICT)

57. Plaintiffs refer to paragraph 1-56 above and incorporate them into this cause of action as though fully set forth herein.

58. Plaintiff HALEY YATES is informed and believes and thereon alleges that Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

59. By their actions or inactions in denying equal access to educational services and by subjecting Plaintiff HALEY YATES to a hostile educational environment, Defendant has violated Plaintiff's rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

60. The U.S. Department of Education's § 504 regulations require recipients of federal funds to "provide a free appropriate public education to each qualified handicapped person," and define "appropriate education" as "regular or special education and related aids and services that . . . are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met." 34 C.F.R. § 104.33 (a)(b)

61. Section 504 allows students who are denied meaningful access to state educational benefits to seek "the full panoply of remedies, including equitable relief and [compensatory] damages." *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). A school district that fails to provide meaningful access to public education to disabled students is thereby liable in damages. *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010)

62. Plaintiff HALEY YATES was denied meaningful access to a public education as compared to nondisabled persons. The denial of meaningful access occurred as the result of several factors. Defendants failed to implement reasonable accommodations for her disabilities by failing to provide instruction designed to meet her individualized educational needs necessary to overcome her disabilities, and failed to provide instruction consistent with the district curriculum provided to nondisabled students. Defendants WILLIAMS, KREGEAR, EAST SIDE UNION HIGH SCHOOL DISTRICT and its administrators were deliberately indifferent to this discrimination and failure to accommodate, thereby violating DOE's regulations and denying FAPE to Plaintiff HALEY YATES.

63. As a result of Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT's failure to comply with its duty under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, Plaintiff HALEY YATES has suffered damages including special and general damages according to proof.

64. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT is vicariously liable for the actions or inactions of its employees who were deliberately indifferent to the abuse committed by Defendant OLIVER. They had actual knowledge of the hostile conditions in the classroom, knew that Defendant OLIVER was likely to continue abusing Plaintiff HALEY YATES and other disabled children, but failed to act upon it.

///
///
///
///

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

### (Plaintiff HALEY YATES Against OLIVER, WILLIAMS, KREGEAR and EAST SIDE UNION HIGH SCHOOL DISTRICT)

65. Plaintiffs refer to paragraph 1-64 above and incorporate them into this cause of action as though fully set forth herein.

66. The actions of Defendant OLIVER, as alleged herein, constituted interference with Plaintiff's rights under the Constitution and laws of the state of California by violence, threats, intimidation, and/or coercion in violation of Cal. Civ. Code § 52.1. Defendants WILLIAMS and KREGEAR and other employees of Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT conspired, supported, encouraged, facilitated, acquiesced Defendant OLIVER's violence, threats, intimidation, and coercion against Plaintiff HALEY YATES. Plaintiff HALEY YATES stopped trusting her parent who brought her into the abusive environment, which interfered with the child-parent relationship between the parent Plaintiffs and Plaintiff HALEY YATES.

67. Plaintiff HALEY YATES lived in constant fear of Defendant OLIVER because he threatened and physically, sexually, verbally, and psychologically abused her for a prolonged period of time.

68. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT is vicariously liable for the acts of Defendants WILLIAMS and KREGEAR committed during the course and scope of their employment.

69. As a proximate result of Defendants WILLIAMS' and KREGEAR's violation of § 52.1, Plaintiff HALEY YATES has suffered damages as alleged heretofore.

## FIFTH CAUSE OF ACTION

## BATTERY

### (Plaintiff HALEY YATES Against OLIVER)

70. Plaintiffs refer to paragraph 1-69 above and incorporate them into this cause of action as though fully set forth herein.

71.   The use of force, as alleged herein, by Defendant OLIVER against Plaintiff HALEY YATES constituted a battery.

72.   As a proximate result of Defendant OLIVER's illegal battery, Plaintiff HALEY YATES suffered damages as alleged heretofore.

### SIXTH CAUSE OF ACTION

### SEXUAL BATTERY

### (HALEY YATES against OLIVER)

73.   Defendant OLIVER intended to cause a harmful or offensive contact with Plaintiff HALEY YATES' or by use of Defendant OLIVER's sexual organ/anus/groin/buttocks or breast, and a sexually offensive contact with Plaintiff HALEY YATES resulted, either directly or indirectly.

74.   Plaintiff HALEY YATES did not consent to the touching.

75.   Plaintiff HALEY YATES was harmed by the conduct.

### SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (All Plaintiffs Against All Defendants)

76.   Plaintiffs refer to paragraph 1-75 above and incorporate them into this cause of action as though fully set forth herein.

77.   The actions of Defendants as alleged herein were outrageous, malicious, and intended to and did inflict emotional distress and humiliation upon Plaintiffs.

78.   Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT's employees had a duty to inform the parents after learning about the abuse and it was foreseeable that withholding the information from the parents would cause more emotional distress than informing them in the first place.  Instead of not informing the parents or the police, Defendant WILLIAMS covered up her investigation and misrepresented the result of her investigation to GINA YATES.  This caused further damages to Plaintiffs.  Moreover, after Defendant OLIVER was arrested for the crime, Defendants WILLIAMS, KREGEAR, and other employees of Defendant EAST SIDE

UNION HIGH SCHOOL DISTRICT went to Defendant OLIVER's juvenile court hearing in support of Defendant OLIVER during their paid duty time in the presence of Plaintiffs.

79. Defendants' conduct was intentional and outrageous in that after learning about the abuse, Defendants tried to cover up the abuse. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT is vicariously liable for the acts of its employees under Cal. Gov. Code § 815.2.

80. As a proximate result of Defendants' intentional acts, Plaintiffs have incurred damages as alleged heretofore.

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE

**(All Plaintiffs vs. OLIVER, WILLIAMS, and KREGEAR)**

81. Plaintiffs incorporate and reallege by reference all the foregoing paragraphs, as if they were fully set forth herein.

82. Defendants owed Plaintiffs a duty to exercise reasonable care in their interactions with them. These Defendants failed to exercise reasonable care in their actions as alleged herein.

83. As a proximate result of Defendants' negligent acts, Plaintiffs have incurred damages as alleged heretofore.

## NINTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION

**(All Plaintiffs Against WILLIAMS, KREGEAR, and EAST SIDE UNION HIGH SCHOOL DISTRICT )**

84. Plaintiffs incorporate and reallege by reference all the foregoing paragraphs, as if they were fully set forth herein.

85. Defendants owe students under their supervision a protective duty of ordinary care, for breach of which Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT is vicariously liable.

86. Supervisory employees, to the extent their duties include overseeing the educational environment and the performance of teachers and counselors, owe a duty of care to

take reasonable measures to guard students against harassment and abuse from foreseeable sources, including any teachers or counselors they know or have reason to know are prone to such abuse.

87. As a proximate result of Defendants' negligent supervision, Plaintiffs have incurred damages as alleged heretofore.

## TENTH CAUSE OF ACTION

### (VIOLATION OF MANDATORY DUTY)

### (HALEY YATES Against WILLIAMS, KREGEAR, and EAST SIDE UNION HIGH SCHOOL DISTRICT)

88. Plaintiffs incorporate and reallege by reference all the foregoing paragraphs, as if they were fully set forth herein.

89. Teachers, instructional aides, classified personnel and administrative officers of Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT including Defendants WILLIAMS and KREGEAR are mandatory reporters as defined by Penal Code § 11165.7. As such, they were under a mandatory duty to report to an agency specified in § 11165.9 whenever, in his or her professional capacity or within the scope of his or her employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect.  Penal Code § 11166.  A mandatory reporter is required to report suspected child abuse immediately or as soon as practicably possible by telephone and the mandated reporter shall prepare and send, fax, or electronically transmit a written follow-up report thereof within 36 hours. *Ibid.*

90. Teachers, instructional aides, classified personnel and/or administrative officers of Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT were aware that Plaintiff HALEY YATES was a victim of OLIVER's abuse as defined by Penal Code §§ 11165.3 and 11165.4. However, none of these mandatory reporters employed by the school or Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT complied with their duty to report the abuse to an agency specified in Penal Code § 11165.9.

91.     Obviously, the mandatory reporter statutes impose a mandatory duty to report suspected or actual child abuse.  Furthermore, the statutes were enacted to protect minors from abuse such as the one suffered by the minor Plaintiff in this case, and the breach in complying with the mandatory duty to report caused the minor Plaintiff's injuries.

92.     As a proximate result of Defendants' actions, Plaintiffs have incurred damages as alleged heretofore.

### ELEVENTH CAUSE OF ACTION

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CIVIL CODE SECTION 51, *ET SEQ.*;

### (All Plaintiffs Against WILLIAMS, KREGEAR, and EAST SIDE UNION HIGH SCHOOL DISTRICT)

93.     Plaintiffs incorporate and reallege by reference all the foregoing paragraphs, as if they were fully set forth herein.

94.     The Unruh Civil Act, Cal. Civ. Code § 51 et seq., provides that all persons are entitled to full and equal services in all business establishments no matter what their, inter alia, disability, and that no business establishment shall discriminate against persons based on disability.

95.     Civil Code § 52(a) state that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 . . . is liable for each and every offense.

96.     Plaintiff HALEY YATES based on his disabilities and gender, was deprived of advantages, privileges and services of his school.  Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT and its staff Defendants WILLIAMS and KREGEAR were aware of this discrimination, which was intentional.

97.     The abuse by Defendant OLIVER caused Plaintiff HALEY YATES severe psychological and physical trauma.

98.     Parents Plaintiff have also suffered severe psychological distress because she could not protect her child from the abuse, or provide support, treatment and counseling at a time that it was needed the most.

99.  Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT and their officials and employees were aware of the abuse perpetrated by Defendant OLIVER and did nothing to prevent it, which constitutes willful and affirmative misconduct.

100. As a proximate result of Defendants' negligent supervision, Plaintiffs have incurred damages as alleged heretofore.

101. A violation of the ADA is, by statutory definition, a violation of both the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

102. Plaintiffs are not required to prove that the discrimination was intentional when seeking damages for ADA violations under the Unruh Act.

## TWELFTH CAUSE OF ACTION

## VIOLATION OF EDUCATION CODE § 220

### (HALEY YATES Against EAST SIDE UNION HIGH SCHOOL DISTRICT)

103. Plaintiffs incorporate and reallege by reference all the foregoing paragraphs, as if they were fully set forth herein.

104. Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of sex … disability....in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

105. A plaintiff may maintain an action for monetary damages against a county office of education when the plaintiff alleges that he suffered severe, pervasive conduct that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities; the county office had actual knowledge of the conduct; and it responded with deliberate indifference.

106. Defendant OLIVER subjected Plaintiff HALEY YATES to severe and pervasive sexual, verbal and physical abuse.

107. Defendant OLIVER's conduct denied Plaintiff HALEY YATES of the right to equal access to the educational benefits and opportunities.

108. Defendant EAST SIDE UNION HIGH SCHOOL DISTRICT through its employees had knowledge of Defendant OLIVER's abuse. It was deliberately indifferent to the

abuse when it took no action to prevent the abuse.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants, each of them, as follows:

1. For general and noneconomic damages according to proof;
2. For special and economic damages according to proof;
3. Treble damages;
4. For costs of suit;
5. For attorneys' fees as allowed by law;
6. Punitive damages against Defendants OLIVER, WILLIAMS, and KREGEAR
7. Pre-judgment interest; and
8. For such further relief as the Court deems just and proper.

Dated: May 18, 2018                            LAW OFFICES OF TERESA LI, PC

_____
Teresa Li
Attorneys for Plaintiffs
HALEY YATES, GINA YATES, and MARK YATES

17

COMPLAINT