UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY YATES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EAST SIDE UNION HIGH SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.18-cv-02966-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Plaintiff Haley Yates alleges that she was bullied, harassed, and sexually abused while she was a student at Piedmont Hills High School ("Piedmont Hills") in the East Side Union High School District ("the District"). She and her parents sue the District, one of her fellow students, and District employees under Title IX, 20 U.S.C. § 1681, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51(b), among other claims. Dkt. No. 1. While the complaint does not specify the basis of federal jurisdiction, the Title IX, ADA, and Rehabilitation Act claims present a federal question, and the Court has supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367(a).

Two of the defendants, the District and Traci Williams, the principal at Piedmont Hills at the time of the events, move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 8. The motion is denied.

**BACKGROUND**

As alleged in the complaint, Dkt. No. 1, Yates was a student with special needs at Piedmont Hills. She was bullied by three male students, which caused her to attempt suicide. She was also in a relationship with a fellow student who turned abusive and "raped her multiple times

and videotaped parts of the rape." Some of the alleged abuse occurred on the Piedmont Hills campus, and photos and videos showing Yates without clothes on were circulated among the campus's students.

When teachers and Yates' mother learned of these incidents, they reported them to school supervisors, including Williams. The complaint alleges that Williams ignored them to protect a student with whom she had a family connection. The District investigated the situation and found that Williams had not followed District procedures in handling these incidents but otherwise denied plaintiffs any material relief. One student was arrested and pleaded guilty in connection with these events.

**LEGAL STANDARDS**

Under familiar standards, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements or unwarranted deductions. *Id.*; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

Defendants ask to dismiss only the Unruh Act claim. The Unruh Act guarantees all persons in California, regardless of sex or disability, "the full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever." Cal. Civ. Code § 51(b). The Act also states that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall constitute a violation of this section." *Id.* § 51(f). Plaintiffs allege that Yates, based on her disability and gender, was deprived of the "advantages, privileges, and services" of Piedmont Hills. Dkt. No. 1

¶ 96. But Defendants say the Unruh Act does not apply to public schools because they are not "business establishment[s]."

While the California Supreme Court has not definitively said whether the Act applies to public schools, it has explained that the term "business establishment" should be construed "in the broadest sense reasonably possible." *Ibister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal. 3d 72, 78 (1985) (quotation and citation omitted). The Act applies to an organization that is "classically 'public' in its operation," namely one that "opens its . . . doors to the entire youthful population" of a city, or a "broad segment of the population," with "no attempt to select or restrict membership or access on the basis of personal, cultural, or religious affinity, as private clubs might do." *Id.* at 81, 84 (emphasis omitted).

In keeping with this broad reading, California courts have applied the Act not just to for-profit commercial establishments but also to nonprofit institutions. *See, e.g., Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594, 619-20 (1995); *O'Connor v. Village Green Owners Assn.*, 33 Cal. 3d 790, 796 (1983) ("Nothing in the language or history of its enactment calls for excluding an organization from its scope simply because it is a nonprofit."). But the Act generally does not apply to a private social club, such as a private, religious school that is "an expressive social organization whose primary function is the inculcation of values in its youth members," and whose admission policies are "effectively selective and based on these values." *Doe v. California Lutheran High School Assn.*, 170 Cal. App. 4th 828, 838 (2009) (quoting *Curran v. Mt. Diablo Council of the Boy Scouts*, 17 Cal. 4th 670, 699 (1998)).

In essence, like the ADA, the Act is concerned with equal access to places of public accommodation. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 (9th Cir. 2004); *Warfield*, 10 Cal. 4th at 598. Defendants do not dispute the Piedmont Hills school is a public operation that "provides educational services to the local community at no cost to the individuals it serves." Dkt. No. 8 at 5-6. There is also no doubt that Piedmont Hills does not, nor as a public school could it, cater to private religious or other expressive social values, or select students for admission on that basis.

Even so, defendants proffer a strict reading of "business establishment" and insist that a public school does not qualify as such for purposes of the Unruh Act. The point is not well taken. *Warfield*, on which the Defendants rely, and other California state court decisions have applied the Unruh Act to nonprofit organizations. *See Warfield*, 10 Cal. 4th at 599; *Curran*, 17 Cal. 4th at 696-97. Defendants' citations to other cases finding that certain public institutions are not subject to the Unruh Act are readily distinguishable. These cases did not involve public schools with their quintessential character of providing public accommodations and services to students. *See, e.g., Harrison v. City of Rancho Mirage*, 243 Cal. App. 4th 162, 175-76 (2015) (rejecting challenge to city ordinance); *Qualified Patients Assn. v. City of Anaheim*, 187 Cal. App. 4th 734, 764-65 (2010) (same); *Carter v. City of Los Angeles*, 224 Cal. App. 4th 808, 825 (2014) (dictum) (casting doubt on challenge to city's sidewalk construction).

Consequently, the Court concludes that the Unruh Act cause of action here states a plausible claim. A broad array of district courts have reached the same result. *See Z. T. by & through Hunter v. Santa Rosa City Sch.*, No. 17-CV-01452-WHA, 2017 WL 4418864, at *6 (N.D. Cal. Oct. 5, 2017) (and cases cited therein). This conclusion also squares with the ADA, which unquestionably applies to public schools. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749 (2017); *see also K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1094 n.1 (9th Cir. 2013) ("[A] violation of the ADA is, *per se*, a violation of the Unruh Act.") (quotation omitted).

Defendants next argue that even if the Unruh Act applies to public schools, it does not reach their employees. This too is not well taken. "[L]iability under the Act for denying a person the 'full and equal accommodations, advantages, facilities, privileges, or services' of a business establishment . . . extends beyond the business establishment itself to the business establishment's employees responsible for the discriminatory conduct." *N. Coast Women's Care Med. Grp., Inc. v. Superior Court*, 44 Cal. 4th 1145, 1154 (2008). Williams and other District employees allegedly responsible for violating Yates' rights under the Unruh Act are proper defendants on this claim.

**IT IS SO ORDERED.**

Dated: February 20, 2019

JAMES DONATO
United States District Judge