CHRISTOPHER E. PANETTA, ESQ. (SBN 175127)
SUSANNAH L. ASHTON, ESQ. (SBN 301320)
FENTON & KELLER
2801 Monterey-Salinas Highway
Post Office Box 791
Monterey, California 93942
Telephone: (831) 373-1241
Facsimile: (831) 373-7219
E-mail: cpanetta@fentonkeller.com
E-mail: sashton@fentonkeller.com

Attorneys for Defendant
TRACI WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HALEY YATES, GINA YATES, and MARK YATES,<br><br>Plaintiffs,<br><br>v.<br><br>EAST SIDE UNION HIGH SCHOOL DISTRICT, TRACI WILLIAMS, ARCHIE J. KREGEAR, TOURE OLIVER, and DOES 1-20,<br><br>Defendants. | CASE NO. 3:18-CV-02966-JD<br><br>**DEFENDANT TRACI WILLIAMS' TRIAL BRIEF**<br><br>Trial Date: April 12, 2021<br>Crtrm.: 11, 19th Floor<br>Judge: Hon. James Donato<br><br>Date of Filing: May 18, 2018 |

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant Traci Williams ("Ms. Williams") is charged with violating the California Bane Civil Rights Act and the Unruh Civil Rights Act, as well as with intentional infliction of emotional distress, negligence, negligent supervision, and a violation of the California Penal Code relating to claims arising out of her official conduct as the principal at Piedmont Hills High School ("PHHS"), which is within the limits of Defendant East Side Union High School District (the "District"). This memorandum sets forth the factual background of the case, discusses the substantive legal rules which apply to the plaintiffs' claims, and discusses defenses raised by Ms. Williams.

## I. STATEMENT OF FACTS

Ms. Williams has been an employee of the District for almost 20 years. During the 2016-2017 school year, Plaintiff Haley Yates ("Haley") was a student at PHHS. Plaintiff Gina Yates ("Ms. Yates") and Plaintiff Mark Yates ("Mr. Yates") are Haley's parents. Defendant Archie J. Kreager ("Mr. Kreager") was a teacher at PHHS. In October 2017, Haley began a romantic relationship with Defendant Touré Oliver ("Mr. Oliver") who was also a student at PHHS. Mr. Oliver is Ms. Williams' husband's second cousin once removed.

On December 2, 2016, student Lorenza Alves ("Ms. Alves"), informed teacher Jennifer Harris ("Ms. Harris") that Haley and Mr. Oliver were sharing sexual videos on SnapChat. Ms. Harris did not see any video or photo, and in accordance with the District's policy and practice, Ms. Harris contacted the principal, Ms. Williams, to notify her of the report. Ms. Williams assigned Associate Principal Nancy Pereira ("Ms. Pereira") to conduct an investigation to ascertain the credibility of the information and to determine whether further action was necessary. Ms. Williams did not participate in the investigation.

Ms. Pereira interviewed Ms. Alves and directed Student Advisor Steve Sellers ("Mr. Sellers") to interview another student, Hallee Lusk. Ms. Alves reported that she received a video through SnapChat, but she closed it right away because she "did not want to see it." Ms. Lusk reported that she did not see a video, but she received a picture through SnapChat from Haley's phone, which showed a used condom and Haley's clothed back. Mr. Sellers also met with Mr. Oliver who showed Mr. Sellers the condom picture; Mr. Sellers did not find a sex video, nude photographs, or other inappropriate images.

Ms. Yates learned about the rumor from her cousin shortly after the report was made, and she immediately contacted the school to meet with Ms. Williams. During the meeting, Ms. Yates acknowledged that Haley was in a romantic relationship with Mr. Oliver. Ms. Yates expressed that she was concerned for her daughter in facing the rumor, and she informed Ms. Williams that Haley had made a suicide attempt at the end of her freshman year. Ms. Yates explained that she was concerned that if there were inappropriate videos, that could "put [Haley] over the edge." Based on this, Ms. Williams believed that in order to protect Haley, Ms. Yates did not want anyone from the school to speak with Haley regarding the investigation, and so no one did.

Ms. Pereira concluded the investigation and determined that the only image shared was that of a used condom; the investigation did not turn up photos, videos, or rumors of nudity, sex, or violence of any kind. Ms. Pereira reported these findings to Ms. Williams, who in turn called Ms. Yates and told her that the investigation found no videos or photos depicting nudity or sexual activity, and that the only picture discovered was that of the condom.

Haley remained in a relationship with Mr. Oliver for several more weeks, and even after they broke up, Haley continued to accept rides to school from Mr. Oliver and to socialize with him while at school. Ms. Yates and Mr. Yates were not concerned about Haley's safety at school. Haley did not tell anyone that her relationship with Mr. Oliver was abusive until April 2017.

In May 2017, Haley told Ms. Yates that Mr. Oliver was abusive and that he had sexually assaulted her, and Plaintiffs contacted the police. On May 15, 2017, Ms. Williams, along with several PHHS teachers, coaches, and students, went to the courthouse in support of Mr. Oliver. Plaintiffs waited in a separate room, and Ms. Williams did not interact with, speak to, or otherwise engage with Plaintiffs and, in fact, Ms. Williams did not even see Plaintiffs that day.

## II. LEGAL ISSUES

### A. 4th Cause Of Action – Violation Of The Bane Act

This claim is asserted by Haley against all defendants. To succeed on a claim under the Bane Civil Rights Act, Plaintiffs must prove that, by the use of threats, intimidation, or coercion, Ms. Williams intentionally caused Haley to reasonably believe that if she exercised a constitutional right, Ms. Williams would commit violence against Haley, and that Ms. Williams had the apparent

1  ability to carry out the threat.  CACI No. 3066, Judicial Council of California Civil Jury Instructions
2  (2021 edition).  Haley must prove that Ms. Williams <u>intended</u> to deprive Haley of her rights.  *Id.*

3  The evidence will establish that Ms. Williams never intentionally used threats, violence, or
4  coercion against Haley, and certainly did not do so with the intent to deprive Haley of her right to
5  a parent-child relationship.

6  **B.  <u>7th Cause Of Action – Intentional Infliction Of Emotional Distress</u>**

7  This cause of action is asserted by all plaintiffs against all defendants.  To succeed on a
8  claim for intentional infliction of emotional distress, plaintiffs must plead and prove: "(1) extreme
9  and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the
10 probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional
11 distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous
12 conduct.'"  *R.H. v. Los Gatos Union Sch. Dist.*, 33 F.Supp.3d 1138, 1172 (N.D. Cal. 2014)(quoting
13 *Sabow v. U.S.*, 93 F.3d 1445, 1454 (9th Cir. 1996))(internal citation omitted).  The extreme and
14 outrageous or reckless conduct alleged must be "directed at the plaintiff, or occur in the presence
15 of a plaintiff of whom the defendant is aware."  *Christensen v. Super. Ct.*, 54 Cal.3d 868, 903
16 (1991).

17 The evidence will establish that Ms. Williams did not hide the investigation from Ms. Yates:
18 Ms. Yates learned about the rumor before anyone from PHHS had an opportunity to contact her.  It
19 is anticipated that Ms. Williams and Ms. Pereira will testify that, in any event, the school would
20 have contacted Ms. Yates once the investigation was completed.  The evidence will further establish
21 that this alleged conduct was not directed at Haley or Mr. Yates.

22 The evidence will establish that Ms. Williams did not misrepresent the results of the
23 December 2 investigation: Ms. Pereira told Ms. Williams that the only image found in the
24 investigation was that of a used condom with Haley, fully clothed, in the background, and this is
25 the information that Ms. Williams shared with Ms. Yates.  Ms. Williams did not have any
26 knowledge of a rape or sexual assault that she intentionally withheld from Ms. Yates.  Further, the
27 evidence will establish that this alleged conduct was not directed at Haley or Mr. Yates.

28 The evidence will establish that Ms. Williams' presence at the courthouse on May 15, 2017

was not a retaliatory act, but rather, was at the request of Mr. Oliver's mother to support Mr. Oliver. The evidence will establish that each of the plaintiffs understood the reason Ms. Williams was present was to support Mr. Oliver, and not as retaliation.

**C.  8th Cause Of Action – Negligence**

This cause of action is asserted by all plaintiffs against Ms. Williams, Mr. Oliver, and Mr. Kreager.

**1.  Common Law Negligence**

"Under California law, the elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *E.F. v. Delano Joint Union High Sch. Dist.*, No. 1:16-cv-01166-LJO-JLT, 2016 U.S. Dist. LEXIS 139397, at *30 (E.D. Cal. 2016).

To establish the element of proximate cause, the plaintiff must show that the resulting injury was "foreseeable at the time of the action." *Corales v. Bennett*, 567 F.3d 554, 573, emphasis added ((9th Cir. 2009); *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 870, (2012); *Hegyes v. Unjian Enters.*, 234 Cal.App.3d 1103, 1133 (1991)("the creation of a legal duty requires more than a mere possibility of occurrence since, through hindsight, everything is foreseeable").

Here, the evidence will establish that Ms. Williams never had knowledge of any sexual assault or rape of Haley by any student. Ms. Williams only ever had knowledge of a picture of a used condom, and she shared this information with Ms. Yates. The evidence will establish that neither Ms. Yates, Mr. Yates, nor any of Haley's friends knew about any alleged abuse until April 2017, and, in fact, Ms. Yates and Mr. Yates will testify that they never had any concerns with Haley and Mr. Oliver's relationship. The evidence does not establish proximate causation.

**2.  Negligence Per Se**

A violation of the Penal Code may "'create[] an evidentiary presumption that affects the standard of care in a cause of action for negligence.'" *W.V. v. Whittier Union High Sch. Dist.*, No. CV 16-6495-DMG (SKx), 2016 U.S. Dist. LEXIS 196240, at *7 (C.D. Cal. 2016)(quoting *Das v.*

*Bank of Am., N.A.*, 186 Cal. App. 4th 727, 737-38 (2010)). Under the doctrine of negligence per se, negligence is presumed if "the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused the death or injury to person or property; (3) the death or injury resulted from an occurrence the nature of which the statue, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or injury to his or her person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." *R.H.*, 2012 U.S. Dist. LEXIS 131653, at *27-28.

The Child Abuse and Neglect Reporting Act ("CANRA"), Cal. Pen. Code, § 11164 *et seq.*, requires mandated reporters to make a report "whenever the mandated reporter, in the mandated reporter's professional capacity or within the scope of the mandated reporter's employment, has knowledge of or observes a child whom the <u>mandated reporter knows or reasonably suspects</u> has been the victim of child abuse or neglect." Cal. Pen. Code § 11166(a), emphasis added. A "reasonable suspicion" is something that "is <u>objectively reasonable</u> for a person to entertain a suspicion, based upon facts that could cause a reasonable person in a like position, drawing, when appropriate, on the person's training and experience, to suspect child abuse or neglect." *Id.* at (a)(1), emphasis added. CANRA recognizes the "'delicate balance between the right of parents to control and raise their own children by imposing reasonable discipline and the social interest in the protection and safety of the child,'" *Planned Parenthood Affiliates v. Van De Kamp*, 181 Cal.App.3d 245, 258 (1986)(quoting Stats. 1980, ch. 1071, § 5, p. 3425), and "exempts from reporting as 'child abuse' the voluntary sexual conduct of sexually mature boyfriends and girlfriends." *People ex rel. Eichenberger v. Stockton Pregnancy Control Med. Clinic*, 203 Cal.App.3d 225, 234 (1988); *Planned Parenthood*, 181 Cal.App.3d at 261 ("[t]he mere fact of intercourse by the over-14 minor does not indicate sexual abuse unless, in the professional's judgment, additional facts indicate the minor is not engaging in voluntary sex but is the victim of abuse").

Here, the evidence will establish that Ms. Williams did not have a reasonable suspicion of child abuse. Ms. Williams knew that there was a report that Haley and Mr. Oliver – who were known to be in a romantic relationship and who were both over the age of 14 – were sharing

sexually explicit images. The evidence will show that Ms. Pereira informed Ms. Williams that the only image that was shared was that of a used condom, and Ms. Williams disclosed this information to Ms. Yates. Ms. Yates, who was also aware of her daughter's relationship, did not indicate that she was concerned for Haley's safety or indicate in any way that Haley might be in an abusive situation. There is no evidence of additional facts known to Ms. Williams in December 2016 to indicate that Haley was not engaging in voluntary sex. It is therefore reasonable for Ms. Williams to have deferred to Ms. Yates' right to control and raise her own child in choosing whether to report consensual sexual relations to any authority.

### D. 9th Cause Of Action – Negligent Supervision

This claim is asserted by all plaintiffs against Ms. Williams, Mr. Kreager, and the District. "'It is the duty of the school authorities to supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection.'" *J.H. v. L.A. Unified Sch. Dist.*, 183 Cal.App.4th 123, 139, emphasis added (2010)(quoting *Taylor v. Oakland Scavenger Co.*, 17 Cal.2d 594, 600 (1941)); *Brownell v. Los Angeles Unified School Dist.*, 4 Cal.App.4th 787, 794 (1992)(limiting liability for school employees to on-campus conduct). "To establish a right of recovery [under a claim of negligent supervision], a student must prove the traditional elements of actionable negligence, including causation." *Thompson v. Sacramento City Unified Sch. Dist.*, 107 Cal.App.4th 1352, 1371 (2003). "[P]roof of causation cannot be based upon speculation and conjecture, and that a mere possibility of causation is insufficient. To establish causation, the plaintiff must demonstrate some substantial link or nexus between omission and injury. The plaintiff must show it was more probable than not that different security precautions would have prevented the attack." *Id.* (citing *Saelzler v. Advanced Grp. 400*, 25 Cal.4th 763, 775-76, 778 (2001))(internal citations omitted).

The evidence will establish that Ms. Williams did not have any knowledge of any abuse or assaults occurring on school grounds. Ms. Williams was informed that Haley and Mr. Oliver had shared a picture of a used condom with Haley in the background, and she disclosed this information to Ms. Yates. Neither of Haley's parents had any concerns with Haley and Mr. Oliver's relationship, and Ms. Yates did not raise any concerns regarding her daughter's safety in relation

to Mr. Oliver until the police were called in May 2017.  The evidence does not establish proximate causation.

### E.  10th Cause Of Action – Violation Of Mandatory Duty Pursuant To The Penal Code

This claim is asserted by Haley against Ms. Williams, Mr. Kreager, and the District.  In California, to assert a claim for violation of a mandatory duty, the plaintiff must "specifically identify the statutory duty."  *Pallamary*, 2018 U.S. Dist. LEXIS 102574, at *34; *Cochran*, 155 Cal.App.3d at 409.  Plaintiffs only pled the Penal Code as the basis for their tenth cause of action, which does not confer a private right of action.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *W.V.*, 2016 U.S.Dist. LEXIS 196240, at *7 (confirming that "the doctrine of negligence per se is not a separate cause of action").

### F.  11th Cause Of Action – Violation Of The Unruh Act

This cause of action is asserted by all plaintiffs against Ms. Williams, Mr. Kreager, and the District.  Haley alleges two theories – one for disability discrimination derivative of the Americans with Disabilities Act ("ADA"), and one for gender discrimination.  The Complaint alleges that Ms. Yates and Mr. Yates "suffered severe psychological distress because [they] could not protect [their] child from the abuse, or provide support, treatment and counseling at a time that it was needed the most."  (ECF No. 1 (Compl.) at ¶ 98.)

**1. Ms. Yates And Mr. Yates Do Not State A Claim Under The Unruh Act.**

The Unruh Act prohibits discrimination based on "sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status or sexual orientation."  Cal. Civ. Code § 51(b).  Ms. and Mr. Yates do not state a claim under the Unruh Act.

**2. No Actual Knowledge Of Disability-Based Harassment.**

A claim of disability discrimination under the Unruh Act is derivative of the ADA, Cal. Civ. Code § 51(f), and the "analysis of the Unruh claim mirrors that of the ADA claim."  *Wormuth v. Lammersville Union Sch. Dist.*, 305 F.Supp.3d 1108, 1129 (E.D. Cal. 2018).  In order to prove a claim for disability discrimination under Title II of the ADA, "a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in a program, denied benefits or otherwise discriminated against by a public entity; and (3) such exclusion, denial

of benefits or discrimination was because of her disability." *Poway Unified Sch. Dist. v. K.C.*, No. 10CV897-GPC(DHB), 2014 U.S. Dist. LEXIS 4726, at *17 (S.D. Cal. 2014); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002)(*per curiam*), *cert. denied*, 538 U.S. 921 (2003).

"A plaintiff may invoke two potential liability theories when, as here, a public school student with a qualifying disability sues the school district because of peer harassment: The district either (1) failed to respond to known disability-based bullying or (2) refused to make 'reasonable accommodations' to address known bullying." *Wormuth*, 305 F.Supp.3d at 1124-25 (internal citations and quotation marks omitted). Both theories require the plaintiff to prove that the defendant had <u>actual knowledge</u> of any bullying. *Id.* at 1125, 1126; *Paradise High Sch.*, 2019 U.S. Dist. LEXIS 200827, at *16-17.

There is no evidence that Mr. Oliver in any way harassed Ms. Yates <u>because of</u> her dyslexia, or any other actual or perceived disability. The evidence will establish that Ms. Williams did not have <u>actual knowledge</u> of any disability-based bullying or harassment. Neither of the students interviewed on December 2, 2016 indicated that there was any disability-based bullying or harassment, and Ms. Yates did not raise this concern to Ms. Williams.

### 3. Defendant Must Intentionally Fail, <u>Because Of Sex</u>, To Respond To Harassment.

To establish a claim under the Unruh Act, Plaintiffs must prove that Ms. Williams (a) inadequately responded to Haley's complaints of harassment, and (b) that the inadequate response was <u>because of</u> Haley's sex and/or gender. *Doe v. Manhattan Beach Unified Sch. Dist.*, No. 19-cv-6962 DDP (RAOx), 2020 U.S. Dist. LEXIS 88891, at *10, *24 (C.D. Cal. 2020); *Nicole M. v. Martinez Unified Sch. Dist.*, 964 F.Supp. 1369, 1389 (N.D. Cal. 1997).

Plaintiffs cannot link any alleged inadequate response to harassment complaints to discrimination on the basis of Haley's sex. The evidence will establish that Plaintiffs' true complaint is that Ms. Williams allegedly inadequately responded to complaints of harassment <u>because of</u> Ms. Williams' <u>familial relationship</u> with Mr. Oliver. Such a claim is not sufficient to establish a claim under the Unruh Act.

///

///

## III. LEGAL ISSUES RELATING TO DEFENSES

### A. Plaintiffs' Claims Are Barred By Sovereign Immunity Under The 11th Amendment.

The Eleventh Amendment bars suits against school districts and their employees sued in federal court in their official capacities. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250-54 (9th Cir. 1992) *Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009).

Here, Plaintiffs' allegations all arise from Ms. Williams <u>official conduct</u> as the representative of PHHS. Although Ms. Williams did not participate in the December 2, 2016 investigation, Ms. Williams was issued a Letter of Reprimand in relation to the investigation and Ms. Pereira was not. Additionally, although multiple teachers and coaches from PHHS went to the courthouse on May 15, 2017, the only person disciplined was Ms. Williams because she was "the principal of the school." Therefore, Ms. Williams is immune from liability in federal court under the Eleventh Amendment.

### B. Ms. Williams Is Entitled To Discretionary Immunity For Official Conduct.

Because Ms. Williams was at all times acting within her capacity as the principal at PHHS, she is entitled to discretionary immunity for all of Plaintiffs' claims, Cal. Gov. Code § 820.2, including for directing investigations of complaints, *Manhattan Beach*, 2020 U.S. Dist. LEXIS 88891, at *19; *Beecham*, 2018 U.S. Dist. LEXIS 69876, at *41-42; *Nicole M.*, 964 F.Supp. at 1389-90; for deciding when, what, and how much information to divulge to parents at the conclusion of investigations, *Beecham*, 2018 U.S. Dist. LEXIS 69876, at *41-42; *Nguon v. Wolf*, 517 F.Supp.2d 1177, 1197 (C.D. Cal. 2007); and for attending court proceedings in support of a student. *Doe v. Petaluma City Sch. Dist.*, 830 F.Supp. 1560, 1582-83 (N.D. Cal. 1993).

## IV. CONCLUSION

Ms. Williams respectfully submits this Brief in support of her position on the substantive issues of law that may arise during the trial of this case.

Dated: March 4, 2021                    FENTON & KELLER, PC

                                        By:   */s/ Christopher E. Panetta*
                                              Christopher E. Panetta, Esq.
                                              Susannah L. Ashton, Esq.
                                              Attorneys for Defendant,
                                              TRACI WILLIAMS