UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HALEY YATES, et al.,

          Plaintiffs,

     v.

EAST SIDE UNION HIGH SCHOOL
DISTRICT, et al.,

          Defendants.

Case No.  18-cv-02966-JD

**PRELIMINARY JURY
INSTRUCTIONS**

As discussed at the first pretrial conference on March 17, 2022, the Court will give these preliminary instructions to the jury that is seated on April 4, 2022.  For the instruction on stipulations of fact, the Court used only the stipulations on which the parties expressly agreed.  A disputed stipulation is not a stipulated fact, and so will not be presented to the jury in these instructions.  Any concerns about these instructions will be taken up at the second pretrial conference on March 31, 2022.

      **IT IS SO ORDERED.**

Dated:  March 29, 2022

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

**INSTRUCTION NO. 1.**

**DUTY OF JURY**

You now are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some preliminary instructions before the testimony starts.  At the end of the trial I will give you the detailed written instructions that will control your deliberations.  These are the introductory instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you.  Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.  That is for you to decide.

**INSTRUCTION NO. 2.**

**CLAIMS AND DEFENSES OFFERED BY PLAINTIFF**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiff is Haley Yates. The defendant is East Side Union High School District.

Plaintiff alleges claims against Defendant for: (1) negligence; (2) negligent supervision; (3) gender discrimination in violation of Title IX, 20 USC § 1681; and (4) discrimination in violation of the Americans with Disabilities Act.  Plaintiff has the burden of proving these claims.

Defendant denies these claims.

United States District Court
Northern District of California

3

**INSTRUCTION NO. 3.**

**BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**INSTRUCTION NO. 4.**

**PUBLIC ENTITY – FAIR TREATMENT**

The defendant in this case is a public entity.  All parties are equal before the law and a public entity is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a public entity is considered to be a person.  It can act only through its employees, agents, or officers.  A public entity is responsible for the acts of its employees, agents, and officers performed within the scope of authority.  An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, or officer engages in while carrying out that person's business.

**INSTRUCTION NO. 5.**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

# INSTRUCTION NO. 6.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7.**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**DISPUTED INSTRUCTION NO. 8.**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that I will now read to you. You must treat these facts as having been proved.

1. Archie Kregear and Traci Williams were, at all times relevant to this action, public employees.

2. Archie Kregear was, at all times relevant to this action, acting within the scope of his employment with Defendant East Side Union High School District.

3. Plaintiff Haley Yates had an individualized education plan ("IEP") and received special education services from Defendant East Side Union High School District between 2014 and 2017, relating to a specific learning disability (dyslexia).

4. Plaintiff Haley Yates was a student in a science class taught by Archie Kregear during her freshman year at Piedmont Hills High School (2014-2015 school year).

5. Plaintiff Haley Yates did not have any interaction with Archie Kregear after her freshman year at Piedmont Hills High School other than a disputed incident in October 2016.

6. T.O. was a student at Piedmont Hills High School at all times relevant to this action.

7. Every member of the staff at the School District was a mandated reporter from 2016 to 2017.

8. During an investigation on December 2, 2016, Defendant East Side Union High School District did not interview Haley Yates.

9. In January 2017, Defendant East Side Union High School District removed Plaintiff Haley Yates from special education services.

United States District Court
Northern District of California

**INSTRUCTION NO. 9.**

**RULING ON OBJECTIONS**

There are rules that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 10.**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

United States District Court
Northern District of California

11

**INSTRUCTION NO. 11.**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

At times during the trial, you may hear testimony by a witness in the form of previously recorded deposition rather than live here in court. A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth, and lawyers for each side asked questions. The questions and answers were recorded.

Insofar as possible, you should consider deposition testimony presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

United States District Court
Northern District of California

# INSTRUCTION NO. 12.

## EXPERT OPINION

You may hear testimony from expert witnesses who testify to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it, reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 13.**

**IMPEACHMENT EVIDENCE -- WITNESSES**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NO. 14.**

**USE OF INTERROGATORIES**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 15.**

**USE OF REQUESTS FOR ADMISSION**

Evidence may be presented to you in the form of admission to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

# INSTRUCTION NO. 17.

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

17

**INSTRUCTION NO. 18.**

**NO TRIAL TRANSCRIPT**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**INSTRUCTION NO. 19.**

**TAKING NOTES**

If you would like, you may take notes during trial to help you remember the evidence. Your binder has notepaper in it.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

# INSTRUCTION NO. 20.

## QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

When the attorneys have finished examining a witness, you may propose a question to the witness to help clarify the testimony. A question may not be used to express any opinion about the testimony or argue with a witness. If you propose a question, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question using the form that has been put into your binders. Do not sign the question.

There are some proposed questions that I will not permit, or will rephrase from the wording submitted. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

United States District Court
Northern District of California

### INSTRUCTION NO. 21.

### CONDUCT OF THE JURY

Let's talk about your conduct as jurors. It is vitally important that you keep an open mind throughout the trial.  The testimony and evidence will unfold over several days, and you should not reach any conclusions before you have heard everything that will be presented.  In addition, do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

When it comes time for you to decide the verdict, your decision must be based on the evidence received in the case and on my instructions on the law that applies.  You must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

For these reasons, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This covers every possible form of communication: in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, website or any social media applications including but not limited to Facebook, now known as Meta, Twitter, Instagram, LinkedIn, Snapchat, or TikTok.  The prohibition on communication applies to everyone, including your family members, your employer, the media or press, and the people involved in the trial.  It also applies to communicating with your fellow jurors until I give you the case for deliberation.  You are free to tell your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But you cannot share with them or anyone else any other information about your jury service or about the case.  If anyone asks you about your jury service or the case, you must say that you have been ordered not to discuss the matter.  You must also promptly report the contact to me through Ms. Clark.

In addition, you must not, for any reason, do research or investigation on your own.  You will get all the evidence and legal instruction you may properly consider for the verdict right here in the courtroom.  Do not look up anything on the Internet, or in a book, or do any sleuthing or investigating of any sort.  Do not visit or view any place or location that might be described during

United States District Court
Northern District of California

the case.  Do not do any research about the law or the people involved in this case -- including the parties, the witnesses, the lawyers, or me.  Also, while I have no information that there will be media coverage of this case, please make sure you do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it.  If you happen to read or hear anything touching on this case in the media, turn away and let me know what happened by telling Ms. Clark.

That is a long list of "don'ts" but it is vitally important for you to follow these rules.  They protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is crucial that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 22.

## OUTLINE OF TRIAL

We are just about ready to start the trial. Each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement, and if a party chooses not to do one, you should not hold it against that party for any reason.

Plaintiff will then present evidence and counsel for the defendant may cross-examine. Then, Defendant may present evidence, and counsel for Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.